UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA, a/s/a TOSHIBA MACHINE COMPANY<br><br>    Plaintiff,<br><br>  v.<br><br>BASIC ENTERPRISES, INC., MARUBENI TRANSPORT SERVICE CORP., JIT WAREHOUSING AND LOGISTICS, and MADD TRANSPORTATION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL NO. 1:14cv133<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

OPINION AND ORDER

This matter is before the court on a motion for partial dismissal, filed by defendant Basic Enterprises, Inc., ("Basic"), on May 28, 2014. The plaintiff, Mitsui Sumitomo Insurance Company of America, a/s/a Toshiba Machine Company ("Mitsui"), filed a response on June 11, 2014, to which Basic replied on June 30, 2014. This motion will be granted for the reasons set forth below.

Also before the court is a motion to dismiss Count II of Plaintiff's Complaint, filed by defendant Madd Transportation ("Madd"), on June 30, 2014. Mitsui has not responded to this motion. During an August 8, 2014 telephonic Rule 16 preliminary pretrial conference before Magistrate Judge Cosbey, Mitsui indicated that it had no objection to Madd's motion to dismiss Count II, as to Madd only. Accordingly, this motion will be granted.

Discussion

In its Complaint, Mitsui alleges that one or more of the defendants damaged a shipment

of machinery ("the Cargo") during interstate carriage. Mitsui is basing its claims for damages to the Cargo on the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C Section 14706, as well as state law/common law bailment claims. In its motion for partial dismissal, Basic alleges that Mitsui's state law/common law claims are preempted.

The Carmack Amendment, 49 U.S.C. § 14706, governs liability for loss of or damage to goods transported in interstate commerce. In regulated transportation of property, there still remain three types of federally licensed entities: the motor carrier, the freight forwarder, and the property broker. 49 U.S.C. § 14706, et seq. In *Adams Express Co. v. Croninger*, 226 U.S. 491 (1913), the United States Supreme Court concluded that in order to accomplish the goal of uniformity, the Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods. The issue in *Adams Express* was "whether the operation and effect of the contract for an interstate shipment . . . is governed by the local law of the State, or by the acts of Congress regulating interstate commerce." *Id*. at 499-500. In resolving that issue in favor of Congressional Acts, the *Adams* Court explained that "[a]lmost every detail of the subject is covered so completely that there can be no rational doubt but that [C]ongress intended to take possession of the subject and supersede all state regulation with reference to it." *Id*. at 505-06.

This conclusion was reiterated in *New York, New Haven & Hartford Railroad Co. v. Nothnagle*, 346 U.S. 128, 131 (1953) when the United States Supreme Court noted, "[w]ith the enactment in 1906 of the Carmack Amendment, Congress superseded diverse state laws with a nationally uniform policy governing interstate carriers' liability for property loss."

In *Smith v. United Parcel Service*, 296 F.3d 1244 (11th Cir. 2002), the Eleventh Circuit

2

noted that there may be situations in which the Carmack Amendment does not preempt state law claims, but it stressed that "separate and distinct conduct rather than injury must exist for a claim to fall outside the preemptive scope of the Carmack Amendment." *Id*. "To accomplish the goal of uniformity, the Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods." *Id*. at 1246.

In *Hoskins v. Bekins Van Lines*, 343 F.3d 769 (5th Cir. 2003), the Fifth Circuit, relying on the United States Supreme Court's preemption analysis in *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003), concluded that "[w]e are persuaded by the preceding decisions and analysis offered by the Supreme Court, and this Court, that Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier. Accordingly, we hold that the complete preemption doctrine applies. Because the Carmack Amendment provides the exclusive cause of action for such claims, we find that Hoskins' claims 'only arise under federal law and could, therefore, be removed under § 1441.' " *Hoskins*, at 778.

The court in *Andrews v. Atlas Van Lines, Inc*., 504 F. Supp. 2d 1329 (N.D. Ga 2007) noted that "[i]t is well-established that the Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods." *Id*. The *Andrews* Court held that "Plaintiff's claims [negligence; exemplary damages; attorneys' fees; and, costs] are completely preempted by the Carmack Amendment and, therefore, they necessarily arise under federal law." *Id*., at 1332.

In *Hall v. North American Van Lines, Inc*., 476 F.3d 683 (9th Cir. 2007), the Ninth Circuit likewise declared, "[w]e hold that the Carmack Amendment is the exclusive cause of

3

action for contract claims alleging delay, loss, failure to deliver or damage to property. Hall's breach of contract claim is completely preempted by the Carmack Amendment and satisfies the minimum amount in controversy. [. . .] Because Hall's completely preempted contract claim presents a federal question, the district court properly denied Hall's motion to remand, and dismissed her contract claim on the merits." *Hall*, at 688-89.

Federal common law remedies are preempted by the Carmack Amendment, unless there are allegations of injuries separate and apart from those resulting directly from loss of shipped property. *Morris v. Covan World Wide Moving,* 144 F3d 377 (5th Cir. 1998). In the present case, defendant Basic contends that Mitsui's state law /common law claims arise directly from Defendants' alleged failure in the transportation and delivery of Mitsui's property. Defendant Basic argues that a brief review of the Complaint leaves no doubt that the state law/ common law bailment and other claims arise out of the Defendants' alleged failures (damage to goods) in the interstate transportation and delivery of the shipment and that Mitsui has not alleged that his state law/common law claims are in any way "separate and distinct" from the Carmack claims.

In its response, Mitsui notes that Basic denies that it was a carrier of the cargo in interstate commerce and alleges that it acted as a transportation broker. Mitsui argues that since Basic alleges that it acted as a broker, it is not entitled to dismissal of the state law/common law claim. Mitsui cites to *Custom Cartage, Inc., v. Motorola, Inc.*, 1999 WL 89563 (N.D. Ill. 1999), in which the Court noted that the Carmack Amendment is silent on the issue of broker liability and held that the Carmack Amendment did not prohibit claims against brokers, and does not exempt brokers from paying for their own negligence or prevent them from entering into contracts with shippers. *Id.* at *3. Mitsui contends that at this point in the litigation it is

4

unclear whether Basic acted as an interstate carrier or as a broker and, therefore, it is premature to make a determination of whether preemption under the Carmack Amendment is applicable to Mitsui's claims against Basic.

However, as Basic notes in its reply, Mitsui has not alleged a separate and distinct harm as a result of the alleged state law/common law bailment claim. Basic points to *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1424 (7th Cir. 1987), in which the Seventh Circuit held that Plaintiffs' intentional infliction of emotional distress claim was not preempted by the Carmack Amendment only because that claim reflected a separate and independent harm. *Id*. In the present case, a review of the Complaint reveals that Count I (Carmack Amendment) and Count II (Bailment) are identical and allege the exact same injury and exact same damage amount ($80,652.05). Accordingly, as Mitsui has failed to allege a distinct injury or distinct damage amount in Count II, this court finds that Count II is preempted by the Carmack Amendment. Thus, the motion for partial dismissal will be granted.

## Conclusion

On the basis of the foregoing, Basic's motion for partial dismissal [DE 11], is hereby GRANTED.

Further, Madd's motion to dismiss Count II [DE 23] is also hereby GRANTED.

Entered: September 8, 2014.

s/ William C. Lee
William C. Lee, Judge
United States District Court